**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MELVIN LEE DAVIS,

        Petitioner-Appellant,

v.

R. WILEY, Warden,

        Respondent-Appellee.

No. 10-1040

(D. of Colo.)

(D.C. No. 07-cv-56-MSK-BNB)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Melvin Lee Davis, a federal prisoner at the United States penitentiary in Florence, Colorado, proceeding pro se, appeals the dismissal of his 28 U.S.C. § 2241 habeas petition. Having jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM the district court's decision.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I. Background

Davis has a lengthy and complex criminal history that spans three decades and involves federal and state sentences in Georgia, Virginia, Connecticut, Oregon, and South Carolina. He received five sentences in the 1970s, served some time, escaped twice, was paroled, violated the terms of his parole, received two additional sentences in the 1980s, and two more in the 1990s.

Davis filed this petition in February, 2007, and raised three claims. He contended before the district court that 1) the Commonwealth of Virginia lodged an illegal detainer against him in connection with a Virginia state sentence; 2) the United States Parole Commission (USPC) erred when it took away his parole "street time"; and 3) the Bureau of Prisons (BOP) miscalculated his release date, improperly changing it from July, 2005, to November, 2017. Davis also argued in a supplemental motion that prison officials had improperly withheld from him mailings from the United States Attorney's office, thus depriving him of advance notice of documents he could have presented at an evidentiary hearing the magistrate judge held to determine Davis's proper release date. The district court dismissed all of Davis's claims.

## II. Discussion

We review de novo a district court's denial of a 28 U.S.C. § 2241 petition. *Bledsoe v. United States*, 384 F.3d 1232, 1235 (10th Cir. 2004). We also review

Davis's pleadings liberally because he is proceeding pro se. *Fed. Ex. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008).

**A.**

As an initial matter, Davis's brief on appeal does little more than repeat his contention that prison officials wrongfully withheld from him a "Presentence Investigation Report and Judgement and Commitment paperwork" that the United States Attorney's Office had mailed him. Davis argues the prison officials deprived him of the opportunity to review those documents before the magistrate judge's evidentiary hearing. Though his brief is not entirely clear, Davis seems to argue that had he been able to review the documents and submit them to the court, the magistrate judge would have calculated an earlier release date. The district court dismissed Davis's argument as moot, explaining that the "material referenced by the Petitioner was considered by the Magistrate Judge, notwithstanding the fact that the Petitioner had not had an opportunity to review it prior to the evidentiary hearing." R. Vol. 1, Doc. 68 at 1–2. After a thorough review of the record, we agree with the district court's conclusion. The magistrate judge thoroughly considered every document Davis would have proffered had he been able to review them beforehand. R. Vol. 1, Doc. 58 at 11; *see also* Supp. R. Vol. 1, Doc. 79 at 12, 23, 26, 27. Thus, Davis's argument is moot.

**B.**

In the district court, Davis also sought habeas relief based on three other claims, all of which the district court rejected. He argued that 1) the Commonwealth of Virginia had lodged an illegal detainer against him; 2) the USPC erred when it took away his parole "street time"; and 3) the BOP miscalculated his release date, improperly changing it from July, 2005, to November, 2017. Because Davis does not raise these issues on appeal, we deem him to have waived them. *Krastev v. INS*, 292 F.3d 1268, 1280 (10th Cir. 2002) ("Issues not raised on appeal are deemed to be waived."). Nevertheless, even if he had not waived them, we agree with the district court that they lack merit.

First, in 2005, the Commonwealth of Virginia notified the BOP that Davis still had a Virginia sentence he needed to complete and that once Davis completed his federal sentences in Colorado, Virginia intended to extradite him to serve the remainder of his state sentence. Davis contended before the district court that he had served his Virginia sentence concurrently with his federal sentence and therefore had no time remaining on his Virginia sentence. The district court denied habeas relief without considering the merits because Davis had failed to exhaust all available state remedies before filing his application for a writ of habeas corpus under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

We agree with the district court. Whether Davis should receive credit against his Virginia sentence for time served for his federal sentence is a question of state law. *Crowley v. Graham*, No. 98-3293, 1999 WL 72123 at *1 (10th Cir. Feb. 16, 1999) (unpublished). Under Virginia law, Davis may challenge whatever sentence the Commonwealth of Virginia claims he must still serve. Va. Code § 8.01-654. It appears Davis has not done so. Because he has failed to exhaust this state remedy, the district court correctly ruled he may not bring a federal habeas corpus petition. The district court is also correct that because Davis is challenging a state court detainer, his notice of appeal constitutes an application for COA. For the foregoing reasons, we conclude Davis has not "made a substantial showing of the denial of a constitutional right," and we thus deny his request for a COA on this issue. 28 U.S.C. § 2253(c)(2).

Second, Davis further claimed before the district court that the USPC erred when it took away his parole "street time." The district court correctly dismissed the claim because the USPC is not a party to this action, and the BOP does not have authority to remedy decisions made by the USPC.

Finally, Davis contended the BOP miscalculated his release date, improperly changing it from July, 2005, to November, 2017. After reviewing the district court's analysis, it does appear it may have made a 45-day error in its calculations. The district court, adopting the magistrate judge's analysis, noted that Davis had received a 5-year sentence in the District of Georgia, which he

began serving on June 2, 1972. He served just 45 days of that sentence before escaping. He was recaptured, and the Eastern District of Virginia later sentenced him to a 10-year sentence that was to run concurrently with his previous 5-year sentence. The magistrate judge, when calculating the number of days remaining on Davis's sentence at that point, added the 45 days Davis had already served to the 10-year sentence. While this appears to be an error, it is not one that affects Davis's claim in this case. His release date would still be at some point in 2017, and as that year approaches, Davis may request a recalculation of his release date through the proper administrative channels.

### III.  Conclusion

For the foregoing reasons, we AFFIRM the district court's order, DENY his request for a COA, and DISMISS Davis's appeal. We GRANT Davis's motion to proceed in forma pauperis.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge